IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SEANDARIUS SAVAGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17-CV-616-RBD-WC |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is federal inmate Seandarius Savage's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  CIV Doc. 1.[1]  For the reasons that follow, the court finds Savage's § 2255 motion should be denied without an evidentiary hearing and dismissed with prejudice.

## I.   INTRODUCTION

The four-count indictment in Savage's case charged criminal activity from two incidents.  CR Doc. 53.  The first incident occurred on August 21, 2013, in Montgomery, Alabama, and resulted in charges of possession of marijuana with the intent to distribute and possession of a firearm in furtherance of a drug trafficking crime.  *Id*. at 1–2.  The

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 2:17-CV-616-RBD, are designated as "CIV Doc."  References to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 2:14-CR-141-RBD, are designated as "CR Doc." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

second incident occurred on October 4, 2013, in Wetumpka, Alabama, and resulted in charges of carjacking and possession of a firearm in furtherance of that crime. *Id.* at 2.

In April 2015, a jury found Savage guilty of one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); one count of carjacking, in violation of 18 U.S.C. § 2119 (Count Three); and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).  CIV Doc. 11-3 at 167–68.

After a sentencing hearing on September 3, 2015, the district court sentenced Savage to 465 months in prison, consisting of 60 months on Count One and 105 months on Count Three, to be served concurrently with each other; 60 months on Count Two, to be served consecutively to the terms imposed for the other counts; and 300 months on Count Four, also to be served consecutively to the terms imposed for the other counts. *See* CR Doc. 145.

Savage appealed, claiming that the district court erred in denying his motion for a judgment of acquittal for possession of a firearm in furtherance of a drug trafficking crime because, he argued, the Government failed to prove that he knew there was a firearm in his vehicle and that he planned to use the firearm to advance his drug trafficking.

On June 29, 2016, the Eleventh Circuit issued an opinion affirming Savage's conviction and sentence. *See United States v. Savage*, 653 F. App'x 754 (11th Cir. 2016); CR Doc. 150.  Savage did not file a petition for writ of certiorari with the Supreme Court.

2

On September 19, 2017, Savage, acting *pro se*, filed this § 2255 motion asserting the following claims:

1. Counsel was ineffective for failing to "note, object to, or appeal" the Government's failure to (a) identify the owner of the vehicle police saw Savage in on August 21, 2013, and from which police recovered money, drugs, and a firearm; (b) obtain a warrant to search the vehicle; and (c) secure and maintain a chain of custody of the vehicle.

2. Counsel was ineffective for failing to challenge the admission of Savage's incriminating statements to law enforcement.

3. Counsel was ineffective for failing to note, object to, or appeal the police's failure to detain "a key witness or suspect."

4. Counsel was ineffective for failing to call a witness who would have exonerated him.

5. Counsel was ineffective for failing to object to or appeal the imposition of consecutive sentences for Savage's two 18 U.S.C. § 924(c) convictions under Counts Two and Four of the indictment.

CIV Doc. 1 at 4–9.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

## B.   Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*.  (internal quotation marks and brackets omitted).   "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one."  *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A "reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1.   *Counsel's Failure to Argue Issues Related to Search of Vehicle*

Savage claims his lawyer, Andrew M. Skier,[2] rendered ineffective assistance of counsel by failing to "note, object to, or appeal" the Government's failure to (a) identify the owner of the vehicle police saw Savage in on August 21, 2013, and from which police recovered money, drugs, and a firearm; (b) obtain a warrant to search the vehicle; and (c) secure and maintain a chain of custody of the vehicle. *See* CIV Doc. 1 at 4.  Savage presents few facts and no argument to support this claim.

> In an affidavit addressing the claim, Skier states:
>
> I assume that Mr. Savage is referring to the portion of the case in which he was seen by police inside a vehicle that was found to contain some drug evidence, money, and a firearm.  During the trial of the case, I did emphasize to the jury that Mr. Savage was not the registered owner of this vehicle and also incorporated this fact into opening and closing arguments on Mr. Savage's behalf.  The key prong of my defense of this portion of the case was that Mr. Savage lacked knowledge of the presence of the weapon in the vehicle, and the registered ownership of the vehicle in another individual was a key issue I raised toward that end.  For Mr. Savage to now claim that this was not done on his behalf is demonstrably false.  Unfortunately, the jury did not believe that Mr. Savage lacked knowledge of the gun, as he was convicted of this count of the indictment.

CIV Doc. 6 at 2–3.

As he indicates in his affidavit, Skier sought to disprove Savage's knowledge of the firearm found in the search of the vehicle by pointing out to the jury that Savage was not the registered owner of the vehicle and that the vehicle had been used by several other people besides Savage.  *See* CIV Doc. 11-1 at 24; CIV Doc. 11-3 at 135–36.  The jury, however, rejected the argument that Savage lacked knowledge of the firearm's presence.

---

[2] Skier represented Savage at trial and on appeal.

Had such an argument been pursued on appeal, there is no reasonable likelihood it would have achieved a favorable result for Savage.  Indeed, Skier argued on appeal that the Government failed to prove Savage knew there was a firearm in the vehicle, and the Eleventh Circuit rejected this argument.  *See United States v. Savage*, 653 F. App'x 754, 755 (11th Cir. 2016).

As for Savage's assertion that Skier should have challenged the warrantless search of the vehicle, trial testimony indicated that a police officer at the scene smelled the strong odor of marijuana emanating from the vehicle.  CIV Doc. 11-1 at 32–34.  The law is settled that an officer's smell of marijuana coming from a vehicle provides the officer with probable cause to search the vehicle.  *United States v. Smith*, 596 F. App'x 804, 807 (11th Cir. 2015); *see United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991).  Savage presents no basis for challenging the search of the vehicle.

As for Savage's other assertions of Skier's deficient performance relating to the vehicle, it is unclear what Savage means by the Government's failure to secure or maintain a chain of custody of the vehicle.  As noted above, Savage sets forth few facts and no argument to support his claim.  Nor does he suggest on what grounds Skier might have "noted, objected to, or appealed" the Government's alleged failures in securing and maintaining a chain of custody of the vehicle.  This lack of specificity is characteristic of, and fatal to, Savage's claim.  Having demonstrated neither deficient performance by Skier nor resulting prejudice, Savage is entitled to no relief on this claim of ineffective assistance of counsel.

### 2.    Counsel's Failure to Challenge Admission of Savage's Incriminating Statements

Savage next claims that Skier was ineffective for failing to challenge the admission of incriminating statements Savage made to law enforcement officers.  CIV Doc. 1 at 5.  In this regard, Savage cursorily asserts that he was "illegally detained [and] not Mirandized," and he further denies "signing any statements in absence of deception of its purpose."  *Id.*

Addressing this claim, Skier states:

> Mr. Savage gave two statements that were referenced by the Government at trial, one to Sgt. Ben Schlemmer of the Montgomery Police Department, and later one to FBI agent John Murray.  Both statements were given while Mr. Savage was in custody, and both were Mirandized.  Mr. Savage freely spoke with both officers, and was very careful during these conversations to attempt to limit the extent of his culpability.  I am unaware of any statement used against Mr. Savage at trial that was obtained during an illegal detention, via deception, or which was non-Mirandized.  Had there been such a statement, I undoubtedly would have objected to its use at trial.  Since this was not the case, there is no basis for this claim of ineffective assistance of counsel.

CIV Doc. 6 at 3.

Savage gave law enforcement officers multiple post-arrest statements in which he admitted his involvement, to some degree, in the charged offenses.  In a post-arrest interview conducted at the Montgomery Police Department on August 21, 2013, Savage gave a statement to Sgt. Benjamin Schlemmer in which he admitted that the drugs and money found in the vehicle were his, but he denied any knowledge of the firearm found in the vehicle.  CIV Doc. 11-1 at 42, 50–55, 74.  Sgt. Schlemmer testified that, before the interview, Savage was given his *Miranda* rights,[3] which he waived.  *Id.* at 53–54.  Savage

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

also gave statements in two interviews conducted by FBI special agent John Murray, the first on October 31, 2013, and the second on May 21, 2014.  *See* CIV Doc. 11-3 at 10–21. In both instances, Savage was given his *Miranda* rights, which he waived.  *Id.* at 12–13, 17.  During the initial interview with Agent Murray, Savage claimed the drugs and money found in the vehicle in the August 21, 2013 incident, but he disclaimed any knowledge of the firearm.  *Id.* at 13–14.  During the second interview, Savage "took responsibility" for both the drugs and the firearm.  *Id.* at 18.  In the second interview, Savage also admitted entering the carjacking victim's home on October 4, 2013, and waiting inside intending to rob him.  *Id.* at 18–22.  However, Savage claimed he left without committing the robbery when the victim arrived home and was opening his garage door.  *Id.* at 21–22.

To be valid, a waiver of *Miranda* rights must have been (1) "voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception"; and (2) "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  The record reflects that each of Savage's statements was made after he was given, and waived, his *Miranda* rights, and there is no indication that any statement was involuntary or procured by deception.  Savage presents no evidence to support his bare assertions he was illegally detained, that he was not Mirandized, and that he signed his statements due to deception.   Thus, he does not demonstrate that his waivers were involuntary, i.e., the product of intimidation, coercion, or deception.  *See Moran*, 475 U.S. at 421; *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).  And he demonstrates no basis upon which Skier might have successfully challenged the admission of his statements.

9

Savage's conclusory allegations establish neither deficient performance by Skier nor prejudice.  Therefore, he is entitled to no relief on this claim of ineffective assistance of counsel.

3. ***Counsel's Failure to Argue Issues Related to Police's Failure to Detain "Key Witness or Suspect"***

Savage claims Skier was ineffective for failing to note, object to, or appeal the police's failure to detain "a key witness or suspect."  CIV Doc. 1 at 6–7.  Providing no specific supporting facts, Savage alleges that "the witness would have accepted responsibility for the firearm" and that "there is a reasonable probability that the police let the real suspect go."  *Id*. at 7.

Addressing this claim, Skier states:

While I do not have enough information from the face of Mr. Savage's petition to determine what it is the Mr. Savage's complaint is, it should be noted that in each of the two factual incidents incorporated in the indictment, another individual was present.  In the first case (the vehicle in Montgomery) the other individual was released by police upon Mr. Savage's assurance that he (the other person) did not know anything about the contraband in the vehicle.  In the other incident (the carjacking in Wetumpka) the testimony was clear that "the shorter one"[4] of the home invaders held a gun on K.H. (a minor victim in the case) and told her to lay down and that he later pointed a gun at the head of another victim and demanded money and drugs.  In both factual scenarios encompassed by this case, the jury reasonably concluded that Mr. Savage was in either actual or constructive possession of the weapon.

CIV Doc. 6 at 4 (original footnote edited).

---

[4] Of the two individuals alleged to have been involved in the offense, Savage was referred to as being shorter than the accomplice.

Regarding the August 21, 2013, incident charged in the indictment (Counts One and Two), the record reflects that police initially detained a second individual in addition to Savage.  That person was released, however, because Savage's own statement to police exonerated the individual.  CIV Doc. 11-1 at 63–64.  In his second interview with Agent Murray, moreover, Savage took responsibility for both the drugs *and* the firearm found in the vehicle.  CIV Doc. 11-3 at 18.  Regarding the October 4, 2013, incident charged in the indictment (Counts Three and Four), Savage admitted to police that he was at the victim's house with a gun in his possession, and one of the victims identified Savage as the person who wielded a gun and threatened others during the robbery.  CIV Doc. 11-2 at 106, 107, 129.

Savage presents no evidence that another person "would have accepted responsibility for the firearms" involved in the two incidents (or any other aspect of the charged offenses) or that the police "let the real suspect go."  The record shows that Skier did what he could with the evidence against Savage.  Proving neither deficient performance by Skier nor prejudice, Savage is entitled to no relief on this claim of ineffective assistance of counsel.

### 4.   Counsel's Failure to Call Exonerating Witness

In an argument somewhat related to his previous claim, Savage claims Skier was ineffective for failing to call a witness he says would have exonerated him.  CIV Doc. 1 at 8.  According to Savage, Skier should have called the second occupant of the vehicle searched during the August 21, 2013 incident.  *Id.*  Savage contends that the second

occupant "would have accepted responsibility for the firearm [found in the search of the vehicle], exonerated Mr. Savage, and verified movant had no knowledge of a firearm." *Id.*

Addressing this claim, Skier states:

> In the weeks and months leading up to the trial of this case, counsel met numerous times with Mr. Savage and discussed what if any defense witnesses we intended to call. To my recollection, calling the other occupant of the vehicle as a witness was never discussed with Mr. Savage. In any event, to call that individual to the stand would contradict what Mr. Savage told MPD Cpl. Schlemmer when questioned, which was that the other person in the vehicle had no knowledge of any of the contraband in the vehicle. Based on Mr. Savage's representation, the other individual was released from custody that night and never charged with any offense. To call a witness that contradicted Mr. Savage's statement would have undermined a basic tenet of the defense . . . that the Montgomery Police Department believed Mr. Savage's statement to the point that they released the other occupant of the vehicle on the word of Mr. Savage, and that the jury should further believe him when he said that he had no knowledge of the weapon.

CIV Doc. 6 at 4–5.

Had Skier called the alleged exonerating witness to the stand for the reason now urged by Savage, the district court would have been compelled to advise the witness of his Fifth Amendment right not to incriminate himself. The Government argues, convincingly, that the witness was likely to either invoke his privilege against self-incrimination or, if choosing to testify, deny any involvement in the offense. Neither action by the witness was likely to help Savage's defense.

Complaints about uncalled witnesses are disfavored. *Sanders v. United States*, 314 F. App'x 212, 213 (11th Cir. 2008). "This is especially true because allegations of what a witness would have testified are largely speculative. Speculation about what witnesses could have said is not enough to establish the prejudice prong of *Strickland*." *Jones v.*

*McNeil,* WL 1758740, at *6 (S.D. Fla. 2009).  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."  *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).

Here, Savage offers no testimony or affidavits from the uncalled witness averring that, as Savage claims, the witness was willing to testify at trial that the firearm found in the vehicle was his and that Savage did not know about the firearm.  Because he fails to establish that favorable testimony from the uncalled witness would have been forthcoming, Savage cannot show he was prejudiced by Skier's failure to call the witness to testify.

Choices of strategy by defense counsel will be held ineffective only if they are so patently unreasonable that no competent lawyer would have chosen them.  *See Adams v. Wainwright*, 709 F.2d 1443, 1145 (11th Cir. 1983).  The undersigned finds it was not unreasonable for Skier to eschew presentation of testimony from the alleged exonerating witness—testimony that, from all appearances, the witness was unlikely to provide. Demonstrating neither deficient performance nor prejudice, Savage is entitled to no relief on this claim of ineffective assistance of counsel.

### 5.   *Counsel's Failure to Challenge Consecutive § 924(c) Sentences*

Finally, Savage claims Skier was ineffective for failing to object to or appeal the imposition of consecutive sentences for Savage's two 18 U.S.C. § 924(c) convictions under Counts Two and Four of the indictment.  CIV Doc. 1 at 9.

As previously noted, the district court ordered the 60-month sentence imposed for Savage's § 924(c) conviction on Count Two to run consecutively to the term of imprisonment imposed for the other counts of conviction, and ordered the 300-month sentence imposed for Savage's § 924(c) conviction on Count Four to run consecutively to the term of imprisonment imposed for the other counts of conviction. *See* CR Doc. 145.

Under § 924(c), any person who possesses a firearm in furtherance of a crime of violence or drug trafficking crime is subject to a statutory mandatory minimum sentence of five years' imprisonment, which must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(A)(ii) and (D)(ii). When Savage was sentenced in 2015, § 924(c)'s enhanced-penalty provision provided than an individual who sustains "a second or subsequent conviction under this subsection . . . shall be sentenced to a term of imprisonment of not less than 25 years," which also must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(C)(i) and (D)(ii); *see United States v. Moses*, 380 F. App'x 844, 846 (11th Cir. 2010).

According to Savage, "the consecutive clause for [§ 924(c) convictions] was not intended to punish for the same crime or the same firearm simply because it may be recovered later." CIV Doc. 1 at 9.

Addressing Savage's claim, Skier states:

This claim seems to be based on the theory that the government did not provide evidence that the two incidents for which Mr. Savage was convicted were committed with separate firearms, and that this fact somehow makes him ineligible for consecutive sentences.

As this Court is well aware, the offenses listed under 18 USC 924(c) possession of a firearm during or in relation to a violent or drug offense, by

statute, requires that any sentence run consecutive to any other sentence imposed. (*See* 18 USC § 924(c)(1)(A) & (C)). There is no exception to this rule, and to argue at sentencing for a concurrent sentence would have been futile, as the statutory language is clear. The Court had no authority to sentence Mr. Savage to concurrent time. Further, the undersigned is not aware of any provision of the law that provides for concurrent sentences if the same firearm is used in separate § 924(c) eligible offenses.

CIV Doc. 6 at 5.

The Eleventh Circuit has recognized that § 924(c)(1)(C)'s enhanced-penalty provision in effect in 2015 when Savage was sentenced applies even where multiple § 924(c) violations were charged in the same indictment. *Moses*, 380 F. App'x at 846. *See also Deal v. United States*, 508 U.S. 129, 135–36 (1993) (holding that the 25-year mandatory minimum for a second or subsequent conviction attache[d] not only when a defendant [wa]s convicted of an offense and [wa]s later convicted of another offense, but also when a defendant [wa]s convicted of multiple offenses in the same proceeding). Thus, the enhanced-penalty provision was mandatory even where both the initial and "subsequent" § 924(c) offenses were charged in the same indictment—the situation in Savage's case, where Count Two charged a § 924(c) crime that took place on August 21, 2013, and Count Four charged a § 924(c) crime that took place on October 4, 2013.[5] Consequently, there was no basis for Skier to argue, at sentencing or on appeal, for concurrent sentences for Savage's § 924(c) convictions, and any claim based on such an argument would have been unsuccessful.

---

[5] No provision in the statute authorizes concurrent sentences if the same firearm was used in the separate § 924(c)–eligible offenses.

In December 2018, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, limiting the application of § 924(c)(1)(C).  Instead of automatically triggering a 25-year sentence for a second or subsequent § 924(c) conviction, even one handed down concurrently, § 403(a) of the First Step Act requires the existence of "a prior [§ 924(c)] conviction . . . [that] has become final," 18 U.S.C. § 924(c)(1)(C)(i) (2019), 132 Stat. at 5221–22.  Because of the First Step Act, § 924(c)(1)(C)(i) now reads: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years. . . ."

This provision, however, is not retroactive to cases on collateral review.  Section 403(b) of the First Step Act includes an application note for "pending cases," explaining that the § 924(c) amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  132 Stat. at 5222.  *See also United States v. Griffin*, 2019 WL 6607259, at *2 (S.D. Fla. 2019) (citing *In re Green*, 2019 LEXIS 7268, at *2 (11th Cir. 2019)). Because Savage's sentence was imposed in 2015, well before the amendments enacted in December 2018, the amendments do not apply to his sentence, and the district court properly imposed consecutive sentences under the statute's enhanced-penalty provisions.

Moreover, Skier obviously cannot be considered ineffective for failing to make arguments at the 2015 sentencing (or in the 2016 appeal) based on the change in the law brought about in December 2018 under the First Step Act and the § 924(c) amendments. *See, e.g., Porter v. United States*, 2018 WL 6184783, at *5 (M.D. Ala. 2018) (counsel could

not be ineffective for failing to anticipate a change in the law by not asserting an objection based on the later change).  Savage is entitled to no relief based on this claim of ineffective assistance of counsel.

## III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Savage be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 15, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of May, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE